**MANDATE**

**N.Y.S.D. Case # 17-cv-4662(AKH)**

19-2948-cv
*Helms Realty Corp. v. City of New York, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand and twenty.

PRESENT:  JOSÉ A. CABRANES,
 BARRINGTON D. PARKER,
 REENA RAGGI,
  *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 01 2020

---

HELMS REALTY CORP.,

 *Plaintiff-Appellant*,   19-2948-cv

BRANIC INTERNATIONAL REALTY CORP.,
TERRILEE 97TH STREET LLC,

 *Plaintiffs*,

 v.

CITY OF NEW YORK, MAYOR'S OFFICE OF SPECIAL
ENFORCEMENT, CHRISTIAN KLOSSNER, IN HIS
OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE
MAYOR'S OFFICE OF SPECIAL ENFORCEMENT,

 *Defendants-Appellees*,

1

BILL DE BLASIO, IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF NEW YORK, STATE OF NEW YORK, ERIC T. SCHNEIDERMAN, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF NEW YORK,

     *Defendants.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | LEA HABER KUCK, John L. Gardiner, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | RICHARD DEARING, Clause S. Platton, Antonella Karlin, *for* James E. Johnson, Corporation Counsel of the City of New York. |

Appeal from a September 11, 2019 judgment of the United States District Court for the Southern District of New York (Alvin K Hellerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **VACATED AND REMANDED.**

Plaintiff-Appellant Helms Realty Corp. ("Helms") challenges the District Court's grant of summary judgment for Defendants-Appellees the City of New York, Mayor's Office of Special Enforcement, and Christian Klossner, in his official capacity as Executive Director of that Office. Helms, the subject of various state civil enforcement and abatement actions undertaken by Defendants-Appellees pursuant to, *inter alia*, New York Multiple Dwelling Law § 121 (the "Airbnb Law"), here sued to declare that law invalid and enjoin its enforcement. Helms argues that the District Court erred: (1) in failing to find that Defendants-Appellees were collaterally estopped, under New York law, from relitigating the issue of whether transient occupancy is permitted at the Helms building; and (2) in failing to find that an issue of material fact existed regarding the classification of the Helms' building under the New York Multiple Dwelling Law, thus precluding summary judgment. Defendants-Appellees argue that the District Court was correct regarding both issues, but contend nonetheless that the District Court should not have reached them in the first place. Rather, Defendants-Appellees argue that, because proceedings against Helms are pending in New York state court premised in part on Helms' alleged violations of the Airbnb Law, the District Court was required to abstain under *Younger v. Harris*, 401 U.S. 37 (1971). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Because we agree with Defendants-Appellees that the District Court should have abstained under *Younger*, we need only address that issue here. "We review *de novo* the essentially legal determination of whether the requirements for abstention have been met." *Disability Rights New York v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) (internal quotation marks omitted).

Though "[i]n general, federal courts are obliged to decide cases within the scope of federal jurisdiction," that rule is subject to certain exceptions when federal relief would amount to "undue interference with state proceedings." *Id.* (internal quotation marks omitted). *Younger* and the cases that followed have defined those exceptions with an eye towards "principles of comity and federalism" and an underlying "belief that a state proceeding provides a sufficient forum for federal constitutional claims." *Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir. 1999). Specifically, "[u]nder *Younger* and its progeny . . . federal courts must decline to exercise jurisdiction in three . . . exceptional categories of cases: First, *Younger* precludes federal intrusion into ongoing state criminal prosecutions. Second, certain civil enforcement proceedings warrant abstention. Finally, federal courts must refrain from interfering with pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Trump v. Vance*, 941 F.3d 631, 637 (2d Cir. 2019) (internal quotation marks and alterations omitted).

This case falls squarely into the second category. The Supreme Court has counseled that a civil enforcement action may warrant abstention when that action is "'akin to a criminal prosecution' in 'important respects.'" *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)). Specifically, abstention may be warranted when the civil enforcement action is "initiated to sanction the federal plaintiff . . . for some wrongful act;" when it features a "state actor" who "initiates the action;" when "[i]nvestigations are . . . involved;" and when the result of such investigations is frequently the "filing of a formal complaint or charges." *Id.* at 79-80.

Here, the pending enforcement action was initiated by the City—not a private actor—and it was predicated on a series of investigations undertaken by officers of the Department of Buildings ("DOB") and the Fire Department of New York ("FDNY"), who were acting on behalf of the Mayor's Office of Special Enforcement. The "City DOB Building Inspectors and FDNY Fire Protection Inspectors . . . performed a total of 19 administrative code inspections at [Helms'] Buildings, and issued 159 DOB [Environmental Control Board ("ECB")] violations, 67 advertising summonses, two vacate orders, six stop work orders, one DOB criminal summons for violating a vacate order, 19 FDNY violation orders, four FDNY ECB violations, and 18 FDNY criminal summonses." Complaint ¶ 43, *City of New York v. Freid, et al*, Index No. 451883/2017 (Sup. Ct. N.Y. Co., filed June 28, 2017). Ultimately, these investigations culminated in the filing of a complaint against Helms in state court, in which, among other things, the City alleged that Helms advertised its building for transient occupancy in violation of the Airbnb Law, *id.* ¶ 137, and sought "the imposition of civil statutory penalties[,] and compensatory and punitive damages" *id.* ¶ 15. Taken

3

together, these facts make clear that the civil enforcement proceeding against Helms closely approximated a criminal proceeding: there was an investigation which led to a court action, all brought by the City for the express purpose of deterring and punishing a party for violating the law.

Moreover, the fact that the City was acting pursuant to public nuisance regulations, *see* N.Y.C. Admin. Code §§ 7-701, 7-703(d), aligns this enforcement proceeding with others that the Supreme Court has said warrant abstention. *See Huffman*, 420 U.S. at 604. Just as in *Huffman*, "an offense to the [City's] interest in the nuisance litigation" now ongoing in state court "is likely to be every bit as great as it would be were this a criminal proceeding." *Id.* Indeed, were we to allow the District Court's conclusion to stand—or were we to reverse it, rather than order abstention—the outcome of the enforcement proceeding in state court, insofar as it turns on application of the Airbnb Law, would undoubtedly be altered. This would disrupt the City's enforcement of a regulatory scheme designed to prevent publicly harmful conduct resulting from the advertising and transient occupancy of certain building units.

Because this civil enforcement action is closely akin to a criminal prosecution, we conclude that the District Court should have abstained by dismissing the case without prejudice to Helms. Whatever constitutional claims Helms raised here may be decided first in the state court proceedings.

## CONCLUSION

We have reviewed all of the arguments raised by Helms on appeal and find them to be without merit. Because we conclude that the District Court did not have subject matter jurisdiction, we **VACATE** its judgment and **REMAND** the cause with instructions to abstain.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4